# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DUVAL MOTOR COMPANY,

    Plaintiff(s),

v.                                CASE NO: 8:08-CV-2476-T-30TGW

DELL FINANCIAL, LLC, et al.,

    Defendant(s).
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Great American Insurance Company's ("Great American") Motion to Dismiss Plaintiff's Complaint, or in the alternative, Defendant's Motion for a More Definite Statement (Dkt. 3) and Plaintiff's Response to Great American Insurance Company's Motion to Dismiss (Dkt. 13). The Court, having considered the motion, response, and being otherwise advised on the premises finds that the motion to dismiss should be granted.

## BACKGROUND

Plaintiff Duval Motor Company filed a two-count complaint against Defendants Great American, Dell Financial, LLC ("Dell"), Virginia Surety Company, Inc. ("Virginia Surety") and Auto Save, LLC ("Auto Save"). (Dkt. 1). Count I alleges a claim for breach of contract against Virginia Surety, Auto Save and Dell. Count II alleges a claim for unjust enrichment against Great American, Virginia Surety, Auto Save and Dell.

Defendant Great American filed a motion to dismiss Plaintiff's complaint, or in the alternative, a motion for more definite statement. Great American argues that Count I of the complaint fails to allege the existence of a contract between Plaintiff and Great American. Great American also argues that Count II of the complaint fails to plead all the elements of an unjust enrichment claim against Great American. Lastly, Great American argues in the alternative that the allegations of the complaint are vague and contradictory.

## DISCUSSION

### I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.     Count I of Plaintiff's Complaint

Great American argues that Count I of the complaint fails to allege the existence of a contract between Plaintiff and Great American. Plaintiff states in its response to Great American's motion to dismiss that Count I does not allege any claim against Great American and that Plaintiff is only asserting one claim against Great American, i.e., the unjust enrichment claim. However, paragraph 39 of the complaint, which is under Count I, states that Great American breached its contract with Plaintiff. Count I does not contain any other facts related to this alleged breach. Accordingly, Great American's motion to dismiss is granted to the extent that Count I of the complaint alleges a breach of contract claim against Great American.

## III.    Count II of Plaintiff's Complaint

Great American argues that Count II of the complaint fails to allege all of the elements necessary to meet a *prima facie* case of unjust enrichment. Plaintiff counters that all of the elements have been properly pled and that discovery needs to determine the precise nature of the contractual relationships in the action.

The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. <u>Hercules, Inc. v. Pages</u>, 814 F. Supp. 79, 80 (M.D. Fla. 1993) (citing <u>Henry M. Butler, Inc. v. Trizec Properties, Inc.</u>, 524 So. 2d 710, 712 (Fla. 2d DCA 1988)). Plaintiff's complaint fails to allege these three elements. Accordingly, the unjust enrichment claim against Great American must fail.

## IV. Defendant's Motion for More Definite Statement

Great American, in the alternative, argues that Plaintiff should amend its complaint to contain more definite statements because the allegations of the complaint are vague and contradictory. This portion of the motion is moot given the Court's ruling on Defendant's motion to dismiss.

## **CONCLUSION**

For the reasons set forth herein, it is ORDERED AND ADJUDGED that:

1. Great American Insurance Company's Motion to Dismiss Plaintiff's Complaint, or in the alternative, Defendant's Motion for a More Definite Statement (Dkt. 3) is **GRANTED**.

2. Counts I and II of the complaint against Great American are dismissed without prejudice.

3. Plaintiff has twenty (20) days from the date of this Order to amend Counts I and II of the complaint against Great American.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2476.mtdismiss-GreatAmerican.wpd