**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DUVAL MOTOR COMPANY,

    Plaintiff(s),

v.                                        CASE NO: 8:08-CV-2476-T-30TGW

DELL FINANCIAL, LLC, et al.,

    Defendant(s).
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Virginia Surety Company, Inc.'s (Virginia Surety") Motion to Dismiss Plaintiff's Complaint (Dkt. 5), Virginia Surety's Memorandum of Law in Support of its Motion to Dismiss (Dkt. 7) and Plaintiff's Response to Virginia Surety Company Inc.'s Motion to Dismiss (Dkt. 14). The Court, having considered the motion, memorandum of law, response, and being otherwise advised on the premises finds that the motion to dismiss should be granted.

## BACKGROUND

Plaintiff Duval Motor Company filed a two-count complaint against Defendants Great American Insurance Company ("Great American"), Dell Financial, LLC ("Dell"), Virginia Surety and Auto Save, LLC ("Auto Save"). (Dkt. 1). Count I alleges a claim for breach of contract against Virginia Surety, Auto Save and Dell. Count II alleges a claim for unjust enrichment against Great American, Virginia Surety, Auto Save and Dell.

Defendant Virginia Surety filed a motion to dismiss Counts I and II of Plaintiff's complaint. Virginia Surety argues that Count I of the complaint fails to allege the existence of a contract between Virginia Surety and Plaintiff. Virginia Surety also argues that Count II of the complaint fails to plead all the elements of an unjust enrichment claim against Virginia Surety.

## DISCUSSION

### I.  Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of

facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.     Count I of Plaintiff's Complaint

Virginia Surety argues that Count I of the complaint fails to allege the existence of a contract between Plaintiff and Virginia Surety. Plaintiff states in its response to Virginia Surety's motion to dismiss that the complaint plainly states that Virginia Surety breached its contracts with Plaintiff. Plaintiff also argues, in the alternative, that even in the absence of a contract between Virginia Surety and Plaintiff, Virginia Surety could be held liable for breach of contract under a third party beneficiary theory.

A claim for breach of contract must allege three elements: (1) a valid contract; (2) a material breach; and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Here, Plaintiff fails to allege the existence of a valid contract between itself and Virginia Surety. Moreover, the exhibits attached to the complaint do not demonstrate such a contract. Accordingly, the breach of contract claim fails.

Even assuming that Plaintiff's complaint is a breach of contract claim under a third party beneficiary theory, it similarly fails. A party asserting a claim under this theory must prove: (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3) breach of a contract by a contracting party; and (4) damages to the third party resulting from the breach. Steadfast Ins. Co. v. Corporate Protection Sec. Group, Inc., 554 F. Supp. 2d 1335, 1338 (S.D. Fla. 2008)

(citing Jenne v. Church & Tower, Inc., 814 So. 2d 522, 524 (Fla. 4th DCA 2002)). Count II of the complaint does not allege these elements. Accordingly, the breach of contract claim under a third party beneficiary theory must fail.

### III.     Count II of Plaintiff's Complaint

Virginia Surety argues that Count II of the complaint fails to allege all of the elements necessary to meet a *prima facie* case of unjust enrichment. Plaintiff counters that paragraphs 44-49 of the complaint establish all of the elements necessary for an unjust enrichment claim.

The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. Hercules, Inc. v. Pages, 814 F. Supp. 79, 80 (M.D. Fla. 1993) (citing Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So. 2d 710, 712 (Fla. 2d DCA 1988)). Plaintiff's complaint fails to allege these three elements. Although Plaintiff relies on paragraphs 44-49 of the complaint to establish this claim, the allegations in those paragraphs and the complaint as a whole do not demonstrate a benefit conferred upon Virginia Surety by Plaintiff. The statement that Plaintiff remitted payments for policies to lock boxes designated by Virginia Surety does not suffice. Accordingly, the unjust enrichment claim against Virginia Surety must fail.

### **CONCLUSION**

For the reasons set forth herein, it is ORDERED AND ADJUDGED that:

1. Defendant Virginia Surety Company, Inc.'s Motion to Dismiss Plaintiff's Complaint (Dkt. 5) is **GRANTED**.

2. Counts I and II of the complaint against Virginia Surety are dismissed without prejudice.

3. Plaintiff has twenty (20) days from the date of this Order to amend Counts I and II of the complaint against Virginia Surety.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2009.

*[signature: James S. Moody, Jr.]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2476.mtdismiss-VirginiaSurety.wpd